

**Decided  October  31,  1979**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

JOAQUIN Q. ATALIG, d/b/a )    CIVIL ACTION NO. 78-27
TROPICAL CONSTRUCTION )
COMPANY, )
)
      Plaintiff, )
)
      vs. )    MEMORANDUM DECISION AND ORDER
)    GRANTING DEFENDANT'S MOTION FOR
MARIANA ISLANDS HOUSING )    JUDGMENT ON THE PLEADINGS
AUTHORITY, )
)
      Defendant. )
_____ )

## MEMORANDUM DECISION AND ORDER

This cause came before the Court on defendant's Motion for Judgment on the Pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Following a hearing on the motion held on October 9, 1979, the Court took the matter under advisement, and on October 23, 1979, filed its decision that the motion would be granted specifying, however, that no Order would be entered until this Memorandum Decision and Order has been filed.

The sole issue presented by defendant's motion is whether plaintiff's First Amended Complaint, filed on May 8, 1979, states a cause of action upon which relief may be granted.

Of the two causes of action stated in the complaint, the first alleges that the defendant "wrongfully and tortiously induced and instigated" a breach of contract between the plaintiff and one Carmen A. Aquino. The second alleges that the "Executive Director of Defendant Mariana Islands Housing Authority (MIHA) ("as the agent, servant, workman, or employee of MIHA and acting within the scope of his employment") wrongfully, tortiously and

maliciously gave false and misleading information" to the Micronesian Insurance Underwriters Association (MIU), thereby causing the cancellation by MIU of its promise to issue performance and other bonds to the plaintiff.

Defendant contends that pursuant to Section 252, 6 T.T.C., which defines the circumstances under which the "sovereign" may not be sued, it is immune from being sued on the two causes of action alleged in the complaint. It argues that it is an agency of the Commonwealth and as such enjoys the same immunity accorded the Commonwealth.

Plaintiff counters that the defendant is not immune from suit for two reasons. The first is that Section 5-2 of Article V of Public Law No. 5-67, provides:

> "The Government of the Northern Mariana Islands hereby gives its irrevocable consent to allowing the Authority to sue and be sued in its corporate name, upon any contract, claim or obligation arising out of its activities under this Act and hereby authorized (sic) the Authority to agree by contract to waive any immunity from suit which it might otherwise have."

Plaintiff contends that Section 5-2 is authority that the defendant may be sued. Secondly, plaintiff argues that, even if the defendant is immune from suit "arising out of the tort of interference with contract rights'" (Plaintiff's Memorandum in Opposition to Motion for Judgment on the Pleadings), it is nonetheless not immune to suit on the tort of interference with prospective advantage, which allegedly is the basis of plaintiff's second cause of action.

It is a general principle of jurisprudence that a sovereign cannot be sued without its own consent. 72 AM. JUR. 2d. STATES, ETC. § 99 (1974), Davis, Administrative Law, Tort Liability of Governmental Units § 25.01 et. seq. (1972). Implicit in the concept of sovereignty of nations is the right to determine how, when and under what circumstances they may be sued. Urrimech v. Trust Territory, 1 T.T.R. 534 (1958).

As to whether the Commonwealth, and specifically MIHA, have given their consent to be sued in this case, the initial inquiry is necessarily directed to the meaning of Section 5-2 of Article 5 of Public Law No. 5-67. It should be noted at the outset that extensive efforts by this Court to obtain any legislative history on Public Law 5-67 have gone unrewarded. The Court is therefore left to construe the legislative intent solely from the literal language of the statute.

After careful review of the phrasing of Section 5-2, it is the Court's opinion that Public Law 5-67 intended to confer MIHA with certain autonomy and authority to decide whether and in what circumstances, if any, it might sue and be sued. In effect, the sovereign authorized its agent (MIHA) the freedom to choose to waive, by contract, that immunity which would otherwise be available to the sovereign and its agencies.

The Court does not agree with plaintiff's interpretation and application of this provision which would, in effect, subject MIHA to suit upon any claim and without limitation. It cannot agree that the agency (MIHA) would not be immune from any suit while its principal (the Commonwealth) enjoys immunity as provided by law.

There is no evidence in the record that MIHA had in fact waived the statutory immunity or expanded on the liability it inherited in the Trust Territory Code. The Court therefore turns to the Code as authority in the determination of whether either or both causes of action in plaintiff's complaint may be brought against the defendant.

PLAINTIFF'S FIRST CAUSE OF ACTION

Plaintiff's first cause of action, as discerned from the complaint and Plaintiff's Memorandum in Opposition to Motion for Judgment on the Pleadings, is based on the tort of "interference with contract rights."

31

Section 252(5) of Title 6 of the Trust Territory Code provides:

> "The Trial Division of the High Court shall not have jurisdiction under the fore-going Section 251 (Actions against the Trust Territory) of:
>
> Any claim arising out of assault, battery, false imprisonment, false·arrest, malicious prosecution, abuse or (sic) process, libel, slander, misrepresentation, deceit, or inter-ference with contract rights." (Emphasis added)

The statute expressly provides that suit may not be brought on a cause of action based on interference with contract rights. The Court, having concluded that MIHA has not entered into any general or specific waiver of immunity from suit, finds that it is therefore vulnerable to liability only in such actions as may be properly brought pursuant to the provisions of 6 Trust Territory Code 251. 6 T.T.C. 252(5), however, clearly bars plaintiff's first cause of action. Therefore, the Court finds that defendant's motion should be granted as to plaintiff's first cause of action.

## PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff argues in its Memorandum that "even if it is held that defendant is immune from suit arising out of the tort of 'interference with contract rights,' 6 T.T.C 252(5), there is no immunity provided for the tort of interference with prospective advantage."

The Court agrees with plaintiff that the torts of "inter-ference with contract rights" and "interference with prospective advantage" are two distinct torts, despite the parallels existing between them (see Prosser, Torts, § 130: Interference with Prospective Advantage, Basis of Liability, pp. 952-954 [4th ed. 1971]), and that the clause in 6 T.T.C. 252 (5) providing

32

immunity from a claim arising out of "interference with contract rights" does not provide immunity for the tort of interference with prospective advantage.

Notwithstanding this distinction and the fact that "interference with prospective advantage" is not explicitly enumerated as one of the substantive torts in Section 252(5), the stated basis of plaintiff's second cause of action is that the defendant "....wrongfully, tortiously, and maliciously gave false and misleading information to MIU...". (Emphasis added) That these are elements of wrongdoing often found in the tort of interference with prospective advantage is abundantly clear. (see Prosser, Torts, id.). However, it is equally clear that 6 T.T.C. 252(5) proscribes suit from "any claim arising out of... misrepresentation, deceit....." both of which are the elements alleged in plaintiff's second cause of action. It is equally clear that the tort of interference with prospective advantage in this case is a "claim arising out of misrepresentation, deceit...".

The Court therefore concludes that, in the language of the statute, it "shall not have jurisdiction" over plaintiff's second cause of action.

Accordingly, the Court finds that plaintiff's First Amended Complaint does not state a cause of action upon which relief may be granted.

ORDER

For the reasons set forth herein, it is ORDERED that defendant's Motion for Judgment on the Pleadings be and is hereby GRANTED.

DATED: Saipan, Northern Mariana Islands this _31st_ day of OCTOBER, 1979.

Judge of the above-entitled Court